<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| _____ : | |
| EFRAIN CAMPUSANO, : | |
| : | Civil Action No. 06-1859 (JAG) |
| Petitioner, : | |
| : | |
| v. : | **O P I N I O N** |
| : | |
| SECRETARY OF HOMELAND : | |
| SECURITY, et al., : | |
| : | |
| Respondents. : | |
| _____: | |

**APPEARANCES:**

Efrain Campusano, <u>Pro</u> <u>Se</u>                     Collette R. Buchanan
Hudson County Correctional Center           Assistant U.S. Attorney
A37-203-091                                 970 Broad Street
P.O. Box 266                                Room 700
35 Hackensack Avenue                        Newark, NJ 07102
Kearny, NJ 07032                            Attorney for Respondents

**GREENAWAY, JR.**, District Judge

Petitioner, Efrain Campusano, an alien confined at the
Hudson County Correctional Center while awaiting removal, has
submitted a petition for a writ of habeas corpus, pursuant to 28
U.S.C. § 2241.[1]  The respondents are Secretary of Homeland

_____

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.
(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

Security Michael Chertoff, Acting Immigration and Customs
Enforcement ("ICE") Field Office Director John P. Carbone, and
Warden Edmond C. Cicchi.

**BACKGROUND**

Petitioner, a native and citizen of the Dominican Republic,
was admitted into the United States in 1981 as a lawful permanent
resident.  Based on criminal convictions, the Department of
Homeland Security ordered Petitioner's appearance in removal
proceedings.  Petitioner was taken into ICE custody on April 4,
2005, and was served with a Notice to Appear.  Petitioner was
detained, pursuant to the Immigration and Nationality Act ("INA")
§ 236, 8 U.S.C. § 1226.

On April 12, 2005, Petitioner appeared before an Immigration
Judge ("IJ").  Petitioner's case was adjourned numerous times due
to Petitioner's pending state court post-conviction relief
application, his filing of various applications, and his attempts
to secure counsel.  On May 30, 2006, the IJ found Petitioner
subject to removal and ordered him removed to the Dominican
Republic.  Petitioner's application for cancellation of removal
was denied.  The IJ also considered Petitioner's bond application
and granted Petitioner's release on bond set at $7500.00.
Petitioner was not able to place the bond.  He was notified that
his custody status would be reviewed on or about December 25,
2006.

2

Petitioner appealed the bond and removal decisions to the Board of Immigration Appeals ("BIA").  The BIA remanded the bond proceedings on July 24, 2006.  On September 25, 2006, the BIA issued a decision dismissing the appeal of the removal order.  On October 17, 2006, Petitioner filed a petition for review of the removal order and a motion to stay removal with the Court of Appeals for the Third Circuit.  The Court of Appeals denied the motion for a stay on October 27, 2006.  His petition for review remains pending in the Court of Appeals.

In the meantime, the ICE attempted to secure travel documents for Petitioner from the Dominican Republic by letter dated October 4, 2006.  On October 16, 2006, an ICE Deportation Officer was told by an employee at the Dominican Republic Consulate that they would not issue a travel document, as Petitioner had informed them that an appeal was pending.  This Court notes that on the date of this conversation, the Court of Appeals had not yet denied the motion for a stay.  Nonetheless, Petitioner was served with a Warning for Failure to Depart on October 19, 2006.

Petitioner filed this Petition on April 21, 2006, prior to his final order of removal.  At that point, he had been in custody for over one year.  Petitioner alleges that his indefinite detention in lieu of removal violates his constitutional and statutory rights.

**DISCUSSION**

**A.**    **Standard of Review**

Petitioner seeks a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.**    **The Petition Will Be Denied, Without Prejudice.**

1.    Pre-Removal Order Detention

At the time he filed this Petition, Petitioner was being detained without yet being subjected to a final order of removal.

Pursuant to 8 U.S.C. § 1226(a), the Attorney General is authorized to arrest and detain an alien pending a decision on whether the alien is to be removed.  Although the Attorney General may release the alien on a bond or conditional parole,

4

the exercise of discretion whether to so release an alien is not subject to judicial review.  See 8 U.S.C. § 1226(a), (e).  The detained alien is, however, entitled to seek review of the decision by an immigration judge.  See 8 C.F.R. § 236.1(d)(1).  Here, the administrative record reveals that Petitioner sought and received such a review.  Although Petitioner could not secure the $7500.00 bond, this Court finds no procedural due process violation in his detention prior to the issuance of a removal order.

Although the Attorney General's exercise of discretion is not subject to judicial review, the constitutionality of the detention provision, itself, is subject to judicial review.  See Demore v. Kim, 538 U.S. 510, 516-17 (2003).  The Supreme Court has upheld mandatory pre-removal order detention of certain criminal aliens under 8 U.S.C. § 1226(c).  See Demore, 538 U.S. at 517-531.  In so doing, the Court relied upon more than a century of precedent "recogniz[ing] detention during deportation proceedings as a constitutionally valid aspect of the deportation process."  538 U.S. at 523 (citations omitted).  The Court also emphasized that pre-removal order detention typically lasts only a few months and has a finite ending point at the completion of the removal proceedings.  Id. at 526-531.

Applying these principles to this case, Petitioner's initial pre-removal order detention lasted from April 4, 2005 (when he

was taken into ICE custody) until May 30, 2006 (when his bond application was granted and he was found subject to removal). Although the period spanned over one year, the delay was caused by Petitioner's requests for adjournments, as evidenced in the administrative record.  Thus, this Court finds no due process violation in Petitioner's pre-removal order detention.

    2.   <u>Post-Removal Order Detention</u>

Petitioner's order of removal became final on September 25, 2006, when the BIA dismissed his appeal during the pendency of this action.

Post-removal order detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the
> following:
>
> (i) The date the order of removal becomes
> administratively final.
> (ii) If the removal order is judicially reviewed and if
> a court orders a stay of the removal of the alien, the
> date of the court's final order.
> (iii) If the alien is detained or confined (except
> under an immigration process), the date the alien is
> released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.  However, the Supreme Court has held that such post-removal order detention is subject to a temporal reasonableness standard.  Specifically, once a presumptively-

6

reasonable six-month period of post-removal order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable.  See <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001); <u>Clark v. Martinez</u>, 543 U.S. 371 (2005).

Here, Petitioner's post-removal order custody commenced on September 25, 2006.  Accordingly, it is apparent to this Court that the six-month presumptively reasonable removal period will not elapse until June of 2007, and Petitioner is not entitled to the relief requested.

<u>**CONCLUSION**</u>

For the reasons set forth above, the Petition will be denied, without prejudice, to Petitioner's bringing a new Petition after the presumptively-reasonable period of detention has passed, should circumstances warrant.  An appropriate order follows.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  April 2, 2007

7